UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG GLADDEN, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-1893-B |
| | § | |
| THE COCA-COLA COMPANY, | § | |
| | § | |
|    Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant The Coca Cola Company ("TCCC")'s Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) (Doc. 15). For the reasons given below, the Court **GRANTS** TCCC's motion and **DISMISSES WITH PREJUDICE** Plaintiff Craig Gladden ("Gladden")'s claims.

## I.

## BACKGROUND

This is a personal injury suit for negligence and premises liability. Gladden is a truck driver who was picking up a load from TCCC's warehouse in Irving, Texas on October 10, 2018. Doc. 1-5, Pet., 2. While onsite, Gladden claims he slipped, fell, and suffered various injuries because of a leaking sink in the restroom. *Id.*

Gladden sued TCCC in Georgia state court on October 6, 2020. *Id.* On November 6, 2020, both parties, in accordance with Georgia law, stipulated that the statute of limitations would be tolled during the Georgia state court proceedings until its conclusion. Doc. 1-5, Pet. Ex. 3. The Georgia suit concluded when it was dismissed for *forum non conveniens* on March 17, 2021,

*id.* Pet. Ex. 2; and on June 29, 2021, Gladden re-filed his claims in the 101st Judicial District Court of Dallas County, Texas. *Id.* at 1. TCCC filed an answer raising fifteen affirmative defenses but did not include a statute-of-limitations defense. Doc. 1-9, Answer, 2–5. TCCC then removed the case to federal court based on diversity jurisdiction. Doc. 1, Not. Removal, 1.

On March 29, 2022, four months after the pleadings had closed, TCCC filed the instant motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) on the grounds that the statute of limitations had run before Gladden filed in Texas state court. Doc. 15, Def.'s Mot.; Doc. 16, Def.'s Br., 4. The parties dispute whether TCCC may raise a statute-of-limitations defense when it was not affirmatively pled in its answer. *See* Doc. 16, Def.'s Br.; Doc. 25, Pl.'s Resp., 2–3; Doc. 28, Def.'s Reply, 2–3. The motion is fully briefed and ripe for review.

## II.

## LEGAL STANDARD

A party may move for judgment on the pleadings after the pleadings are closed and when doing so would not delay the trial. Fed. R. Civ. P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

In analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6), "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re*

*Katrina Canal Breaches Litig.*, 495 F.3d at 205 (internal quotations omitted). A Rule 12(b)(6) motion to dismiss should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). But a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

The Court's review under Rule 12(b)(6) is limited to a plaintiff's allegations in the complaint and to those documents attached to the complaint or to the defendant's motion to dismiss that are referred to in the complaint and are central to the plaintiff's claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If other evidence is considered, "the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c)." *Id.*

## III.

## ANALYSIS

The Court begins by addressing the Parties' arguments concerning the governing rule for waiver of affirmative defenses. Finding that Rule 8 governs this issue, the Court evaluates whether TCCC waived its statute-of-limitations defense. Finding that it has not, the Court proceeds to evaluate the merits of TCCC's statute-of-limitations defense. Finally, because the Court finds that Gladden's claims are time-barred, the Court **GRANTS** the motion and **DISMISSES WITH PREJUDICE** Gladden's claims.

A.      *Rule 8 Governs the Waiver of an Affirmative Defense*

TCCC argues that Gladden's claims are time-barred by the statute of limitations. Doc. 16, Def.'s Br., 4. Gladden responds that, under the Texas Rules of Civil Procedure, TCCC waived its statute-of-limitations defense by failing to affirmatively or specifically plead it. Doc. 25, Pl.'s Resp., 2–3. TCCC replies that its defense was not waived because Federal Rule of Civil Procedure 12(h)(2)(B) allows it to raise this affirmative defense, for the first time, in a 12(c) motion. Doc. 28, Def.'s Reply, 2.

Neither the Texas Rules of Civil Procedure nor Federal Rule 12 govern this issue. The Texas Rules do not apply because "[w]hile state law defines the nature of a defense in a diversity action, . . . federal law 'provide[s] the manner and time in which defenses are raised and when waiver occurs.'" *Chapman v. Orange Rice Mill. Co.*, 747 F.2d 981, 984 n.5 (5th Cir. 1984) (third alteration in original) (quoting *Morgan Guar. Tr. Co. of N.Y. v. Blum*, 649 F.2d 342, 344 (5th Cir. 1981)); *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007) (applying the same standard in a case removed from state court). Rule 12(h)(2)(B) does not apply because it is an exception to the waiver of a defense when a party fails to present it in an earlier motion, not an exception to failing to properly plead as directed by Rule 8(c)(1). *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 701 (10th Cir. 2014).

To clarify, Rule 12(h)(2)(B) does allow a party to raise a defense asserting the other party's failure to state a claim in a 12(c) motion, or even as late as trial. Fed. R. Civ. P. 12(h)(2)(B). But

when the defense is based on an unpleaded affirmative defense,[1] Rule 8 governs. Fed. R. Civ. P. 8(c)(1).[2]

**B.    TCCC Has Not Waived Its Statute-of-Limitations Defense**

Under Rule 8(c)(1), "a party must affirmatively state any avoidance or affirmative defense," such as a statute-of-limitations defense, in a "[response] to a pleading." Fed. R. Civ. P. 8(c)(1). If a party fails to plead an affirmative defense, it is forfeited and may be waived. *NewCSI, Inc. v. Staffing 360 Sols., Inc.*, 865 F.3d 251, 259 (5th Cir. 2017) (quoting *Lee v. United States*, 765 F.3d 521, 523–24 (5th Cir. 2014)). "[F]orfeiture is the failure to make the timely assertion of a right [while] waiver is the intentional relinquishment or abandonment of a known right." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 n.1 (2017) (first alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted); *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 578 (5th Cir. 2009) (emphasizing that an affirmative defense was not waived because there was no evidence the responding party was prejudiced and the failure to plead was not intentional). A court cannot restore a waived right but may restore a forfeited right. *Wood*

---

[1] Affirmative defenses place the burden on the asserting party to prove so a claim is not invalid on its face just because a statute-of-limitations defense exists. *See In re Hinsley*, 201 F.3d, 638 644–45 (5th Cir. 2000). A party asserting the affirmative defense must thus plead and prove the defense. Fed. R. Civ. P. 8(c)(1); *see Hinsley*, 201 F.3d at 644–45.

[2] TCCC cites multiple cases for the proposition that a party can generally raise an unpleaded statute-of-limitations defense in a 12(c) motion. Doc. 28, Def.'s Reply, 2–3 (citing *Vodicka v. Ermatinger*, 2021 WL 992600 (N.D. Tex. Apr. 1, 2022); *Verizon Emp. Benefits Comm. v. Fitzgerald*, 2007 WL 2080004 (N.D. Tex. July 12, 2007); *Clark v. Wells Fargo Bank, N.A.*, 2018 WL 6048007 (N.D. Tex. Oct. 25, 2018)). But each of these cases differs because the parties in those cases properly pled and reserved their statute-of-limitations defenses. Def.'s Answer ¶ 2.10, *Vodicka v. Ermatinger*, 2021 WL 1086979 (N.D. Tex. Apr. 1, 2022), (No. 3:19-CV-00056), ECF No. 156; Def.'s Answer ¶ 16, *Verizon Emp. Benefits Comm. v. Fitzgerald*, 2007 WL 2080004 (N.D. Tex. July 12, 2007), (No. 3:06-CV-00482), ECF No. 6; Findings, Conclusions, & R. & R. at 9, *Clark v. Wells Fargo Bank , N.A.*, 2018 WL 6048007 (N.D. Tex. Oct. 25, 2018), (No. 3:18-CV-01147), ECF No. 19.

*v. Milyard*, 566 U.S. 463, 472–73 (2012) (holding that "district courts . . . have the authority—though not the obligation—to raise a forfeited timeliness defense on their own initiative," but it would be abuse of discretion to restore a deliberately waived defense).

"[T]he purpose of Rule 8(c) . . . is to give the opposing party notice of the affirmative defense and a chance to argue why it should not apply." *Pasco*, 566 F.3d at 578 (citing *Blonder-Tongue Lab. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)). So when evaluating whether an affirmative defense has been waived, the Court "do[es] not take a formalistic approach . . . [but] look[s] at the overall context of the litigation." *Id.* at 577. Thus, if the forfeiting party "'raises the issue at a pragmatically sufficient time' and 'the [other party] is not prejudiced in its ability to respond[,]'" then the defense may be restored. *NewCSI, Inc.*, 865 F.3d at 259 (quoting *Lee*, 765 F.3d at 523–24). This prejudice is "not simply whether the defense . . . [is] detrimental to the plaintiff (as every affirmative defense is)," *Rogers v. McDorman*, 521 F.3d 381, 387 (5th Cir. 2008), but is focused on "whether the plaintiff had sufficient notice to prepare for and contest the defense." *NewCSI, Inc.*, 865 F.3d at 259 (quoting *Lee*, 765 F.3d at 525).

The Court thus analyzes whether Gladden had "sufficient notice to prepare and contest the defense."[3] *Id.* When looking at "the overall context of litigation," the statute-of-limitations issue has been near the forefront of this case for a non-trivial amount of time. *See Pasco*, 566 F.3d at 577. First,

---

[3] Although the parties did not brief the notice issue above, the parties' arguments related to TCCC's alternative Motion for Leave to Amend under Federal Rule 16(b)(4) apply with equal force to the Rule 8 waiver issue. *See* Doc. 29, Def.'s Mot. Amend; Doc. 31, Pl.'s Resp. Mot. Amend; Doc. 35, Def.'s Reply Mot. Amend. Specifically, the Court considers the parties' arguments regarding prejudice of the other party. *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). TCCC argues Gladden will not be unduly prejudiced because no discovery deadline is imminent (at the time of the filing), no depositions have been taken, and the case is currently set for trial in October 2022. Doc. 29, Def.'s Mot. Amend, 3. Gladden argues that the amendment would be unduly prejudicial because it would leave Gladden without a cure, arguably conceding that the statute of limitations bars his claim. Doc. 31, Pl.'s Resp. Mot. Amend, 4.

the parties have been litigating since October 6, 2020, and Gladden specifically entered the statute-of-limitations tolling stipulation as an exhibit in his petition. Doc. 1-5, Pet., Ex. 3. Gladden's petition also asserted that TCCC had waived its right to raise its statute-of-limitations defense. *Id.* at 2; *see also Kidwell v. Ruby IV, L.L.C*, 2020 WL 5095322, at *4 (E.D. La. Aug. 28, 2020) (holding no unfair surprise when a plaintiff pleads the contested issue in their complaint). TCCC then "denie[d] generally each and every allegation" in the petition. Doc. 1-9, Answer, 1. Arguably, this general denial should have put Gladden on notice that TCCC had not waived the defense. *Cf. Smith v. Traveler Cas. Ins. Co. of Am.*, 932 F.3d 302, 309 (5th Cir. 2019) ("Even though the exact term 'limitations' does not appear . . ., [the answer] gives 'fair notice' [to the plaintiff]."); *see also Rogers*, 521 F.3d at 386 (emphasizing the plaintiff's knowledge of defendant's intent to assert an affirmative defense because plaintiff contested its applicability in a pre-trial brief); *Kidwell*, 2020 WL 5095322, at *4 (defense was not unfair surprise when plaintiff pleaded and defendant specifically denied the allegation). Regardless, Gladden had sufficient time to contest the substance of the defense in his response to this motion, but again failed to do so by limiting his argument to waiver.[4] *See Lopez v. River Oaks Imaging & Diag. Grp., Inc.*, 542 F. Supp. 2d 653, 659 (S.D. Tex. Apr. 3, 2008) ("The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal. By analogy, failure to brief an argument in the district court waives that argument in that court.").

In sum, the Court finds that, although TCCC forfeited its statute-of-limitations defense by failing to properly plead under Rule 8(c)(1), TCCC did not waive the defense because Gladden had

---

[4] TCCC even opened a possible contention to the statute-of-limitations defense by arguing that the Texas Supreme Court Emergency Orders did not toll plaintiff's claims. Doc. 16, Def.'s Br., 6. But, Gladden still did not address it. *See* Doc. 25, Pl.'s Resp.

sufficient notice and a chance to argue the defense. Therefore, the defense may be restored and evaluated by the Court. *See Rogers*, 521 F.3d at 385–87 (affirming a district court's decision to instruct the jury on an affirmative defense raised at trial because it did not result in unfair surprise); *Pasco*, 566 F.3d at 577 (reversing a trial court's decision to not consider an affirmative defense at the summary-judgment stage that was asserted for the first time fifty-two months after the first responsive pleading because substantial time remained before trial); *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491–92 (5th Cir. 2001) (affirming the trial court's discretion to allow an affirmative defense to be raised at a joint pretrial order over a year after the complaint was filed where there had been a hearing on the issue before trial); *Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006) (both parties addressed the issue in pretrial motions in limine and thus were on notice of the defense); *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000) (unpleaded affirmative defense was appropriate to consider at the summary-judgment stage when both parties had a chance to brief the issue); *cf. NewCSI, Inc.*, 865 F.3d at 260 (finding that raising an affirmative defense after trial unfairly prejudiced the party's ability to respond because it could have developed facts at trial to aid its response).

C.    *Gladden's Claims Are Time-Barred*

When evaluating a statute-of-limitations defense in a 12(c) motion, the plaintiff's claim may be dismissed if "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Gladden's Petition leaves no doubt that his cause of action accrued on October 10, 2018. Doc. 1-5, Pet., 2. After the suit was filed in the Georgia state court on October 6, 2020, the parties stipulated that the statute of limitations would be tolled until its conclusion, which came when the

suit was dismissed on March 17, 2021. *Id.* The statutory limitation period for personal injury and premises liability claims in Texas is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Pirtle v. Kahn*, 177 S.W.3d 567, 570–71 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Since four days remained under the applicable statute of limitations when the suit was filed in Georgia, the limitations period thus ended on March 21, 2021, making Gladden's claims untimely when he filed suit on June 29, 2021. Because TCCC's statute-of-limitations defense is conclusively established by Gladden's pleadings, the Court **GRANTS** TCCC's motion.

While "[t]he court should freely give leave [to amend] when justice so requires[,]" it need not do so when amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). In determining whether amendment would be futile, the Court considers whether "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Since Gladden's claims are time-barred, the Court finds that amendment would be futile and **DISMISSES WITH PREJUDICE** Gladden's claims. *See Conner*, 20 F.3d at 1385 (stating that leave to amend is futile when it is "sought to add a claim upon which the statute of limitations has run.").

## IV.

## CONCLUSION

For the reasons given above, the Court **GRANTS** TCCC's Motion For Judgment on the Pleadings (Doc. 15) and **DISMISSES WITH PREJUDICE** Gladden's claims.

SO ORDERED.

SIGNED: June 17, 2022.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE